By the Court.—Sedgwick, Ch. J.
Whether or not the invalidity of there-issued patent, referring, as it does, to the original patent, and showing on its face that it, in itself, irrespective of extrinsic circumstances, is void, distinguishes the present case from Marston v. Swett (82 N. Y. 527; 66 Id. 206), doés'not require examination. It will not, however, be assumed, that the re-issue is invalid.
*161 There were, beyond the license, sufficient legal considerations to support the promises made by the defendant. They were, 1st. To pay $300 'to defendant for a patent applied for. by him ; 2d. To grant him the exclusive right to use his machine for splicing wires, that had already been used for binding bales, and not to license, within twenty-five miles of New York city, any one to make ties under plaintiff’s patent; 3d. To buy at a specified rate scrap iron from defendant; 4th. To pay the expense of obtaining certain patents ; 5th. Not to engage in splicing second-hand wire for bale ties, in. a specified district, during the continuance of the agreement. These considerations cannot be applied distributively to the several obligations of the defendant. For, the consideration to the plaintiff in making his promises, was the promises generally of the defendants.
The learned counsel for the appellant said, on the argument, that if this view was correct as to the second agreement, it could not be applied to the first agreement, as in the latter there was no consideration other than the re-issued patent, and, therefore, the judgment should be modified so far as it required the defendant to account from the time of the first agreement. If this particular called for examination on this appeal, it might have been necessary to definitely decide, as to the effect of the alleged invalidity, upon the first agreement. The question is not here. The case shows that counsel did not present to the court the difference, nor make any request, or offer any evidence, or take any exception, that suggested the difference, or ask for a modification of the judgment.
Judgment affirmed, with, costs.
Freedman, J., concurred.